UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF | ) | No.24-mj- 58-01-AJ |
| INFORMATION ASSOCIATED WITH THE | ) | |
| CELLULAR TELEPHONE ASSIGNED | ) | |
| CALL NUMBER 603-315-0311 | ) | **FILED UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**

I, Federal Bureau of Investigation Task Force Officer Michael McGee, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information further described in Attachment B about the location of the cellular telephones assigned call numbers:

    a. 603-315-0311, subscriber unknown, believed to be used by Thomas YOUNG ("YOUNG"), whose service provider is Verizon, a wireless telephone service provider that accepts service of process at 180 Washington Valley Road, Bedminster, NJ 07921 ("TT"), as described in Attachment A.

2. Because this application seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am employed as a police officer with the Manchester, New Hampshire Police Department and have been so employed since July 2014. In March of 2021, I was deputized as a Task Force Officer (TFO) for the Federal Bureau of Investigation (FBI), and I continue to serve as a TFO currently. I am the case officer with primary responsibility over the investigation herein described. I have direct and indirect knowledge of the following information.

4. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. §2510(7), and I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. §2516. I also am a "federal law enforcement officer" within the meaning of Fed. R. Crim. P. 41(a)(2)(C) and authorized to apply for the requested search warrant.

5. During my employment as a police officer, I have successfully completed the Manchester Police In-House Academy as well as the New Hampshire Police Standards and Training Council Academy located in Concord, New Hampshire. I have received specialized investigatory training in numerous areas to include, gang investigations, drug investigations, criminal interdiction, and I am a certified Professional Gang Investigator by the East Coast Gang Investigators Association. I have responded to, investigated, or participated in the investigation of many crimes to include homicides, aggravated assaults, robberies, burglaries, thefts, and drug related crimes. I have a Bachelor of Arts in Criminal Justice from Saint Anselm College in Manchester, New Hampshire. In my current assignment I have tracked, interviewed, investigated, and otherwise spoken with multiple individuals involved with gangs, violent crimes, and drug trafficking.

6. I have participated in all aspects of drug and firearm investigations, including physical and electronic surveillance, undercover investigations, the execution of search

warrants, the effecting of arrests, and debriefings of defendants, informants and witnesses who had personal knowledge regarding major narcotics trafficking organizations. I have also reviewed recorded conversations and telephone, financial, and drug records. Through my training and experience, I have become familiar with the manner in which illegal drugs and firearms are imported, transported, stored, and distributed, and the methods of payment for such drugs and firearms. I have also become familiar with the manner in which narcotics organizations utilize various forms of violence and intimidation in furtherance of their narcotics trafficking activity, to protect their operations, members, narcotics, and narcotics proceeds.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

8. Based on the facts set forth in this affidavit, there is probable cause to believe that YOUNG has committed violation of federal law, specifically 18 U.S.C. §922(g)(1).  A complaint issued in this Court on March 26, 2024, and YOUNG is the subject of an arrest warrant issued by this Court the same date.  There is probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting YOUNG, who are a "person to be arrested" within the meaning of Fed. R. Crim. P. 41(c)(4).

9. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## **PROBABLE CAUSE**

10.     As part of my duties, I am participating in an investigation into YOUNG for possession of a firearm as a prohibited person.  During this investigation, law enforcement agents gathered evidence of trafficking of a firearm to a prohibited person as well as attempts to sell another firearm to a prohibited person, via the use of a confidential source ("CS") with a lengthy criminal history who ultimately had to be deactivated by the FBI during the course of the investigation due to picking up new criminal charges.  The information shared by "CS" was corroborated via a recording of the purchase and possession of a firearm, as well as by the sharing of communications that CS had with YOUNG at the phone number 603-315-0311.  Based upon the investigation, a complaint issued for YOUNG for possession of a firearm as a prohibited person on March 26, 2024.  On the same date, March 26, 2024, Judge Andrea K. Johnstone issued a search warrant for YOUNG's residence at 14 Dufort Street in Manchester, New Hampshire, which included permission to seize any of YOUNG's devices and particularly any devices associated with TT.

11.     Law enforcement conducted physical surveillance of 14 Dufort Street in the previous 48 hours, and police did not observe YOUNG.

12.     Investigators believe that YOUNG is still utilizing the device associated with TT based on correspondence between YOUNG and CS as recently as March 4, 2024, when the two exchanged text messages in reference to a second firearm for sale.  The text messages that were exchanged to set up the sale utilized TT as YOUNG's contact number.  Law enforcement viewed and photographed these text messages with TT.

13.     An FBI intelligence analyst conducted an open source search for social media accounts belonging to YOUNG and located a Tik Tok account connected to TT. This analyst

observed posts from YOUNG where he was believed to be at a music festival in Miami, Florida on/about March 21, 2024.

14. Law enforcement queried an American Airlines database and located a flight for YOUNG to Miami on March 19, 2024, but no return trip was located. Based on this information, investigators believe YOUNG could still be in Miami, Florida, but his whereabouts are currently unknown.

15. I therefore believe that YOUNG presently uses and carries TT, respectively, and thus, prospective location information for these devices will assist in locating YOUNG to be arrested pursuant to arrest warrants issued by this Court.

16. In my training and experience, I have learned that Verizon is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.

17. Based on my training and experience, I know that Verizon can collect E-911 Phase II data about the location of a cellular device, including by initiating a signal to determine the location of the cellular device on Verizon's network or with such other reference points as may be reasonably available.

18.     Based on my training and experience, I know that Verizon can collect cell-site data about a cellular device.  Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication.  I also know that wireless providers such as Verizon typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

19.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Fed. R. Crim. P. 41 and 18 U.S.C. § 2703(c).

20.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Fed. R. Crim. P. 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of TT would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or

electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

21.  I further request that the Court direct Verizon to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Verizon. I also request that the Court direct Verizon to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of TT on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

22.  I further request that, pursuant to the preclusion of notice provisions of 18 U.S.C. §§ 2703(b)(1)(A) & 2705(b), the Court order Verizon not to notify any person (including the subscriber or customer to which the materials relate) of the existence of this application, the warrant, or the execution of the warrant, until June 10, 2024, unless the Court extends such period under 18 U.S.C. § 2705(b), except that Verizon may disclose this information to an attorney for Verizon for the purpose of receiving legal advice.  Non-disclosure is appropriate in this case because the warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the existence of the investigation.  There is accordingly reason to believe that notification of the existence of the warrant will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change

patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual.

23. For the same reasons, I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until June 10, 2024.

24. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate TT outside of daytime hours.

/s/ Michael McGee
Michael McGee
Task Force Officer
Federal Bureau of Investigation

The affiant appeared before me by telephonic conference, on this date, pursuant to Fed. R. Crim. P. 4.1, and affirmed under oath the content of this affidavit and application.

_____
HON. ANDREA K. JOHNSTONE
UNITED STATES MAGISTRATE JUDGE
Mar 28, 2024

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 603-315-0311, subscriber unknown, believed to be used by Thomas YOUNG ("YOUNG"), whose service provider is Verizon, a wireless telephone service provider that accepts service of process at 180 Washington Valley Road, Bedminster, NJ 07921.

2. Records and information associated with TT that are within the possession, custody, or control of Verizon.

**ATTACHMENT B**

**Particular Things to be Seized**

I. **Information to be Disclosed by the Provider**

All information about the location of TT described in Attachment A for a period of thirty days, during all times of day and night, including all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon, Verizon is required to disclose the Location Information to the government. In addition, Verizon must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of TT on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance. Verizon may not notify any person (including the subscriber or customer to which the materials relate) of the existence of the application, the warrant, or the execution of the warrant, until June 10, 2024, unless the Court extends such period under 18 U.S.C. § 2705(b), except that Verizon may disclose this information to an attorney for Verizon for the purpose of receiving legal advice.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in locating and arresting Thomas YOUNG, who are each a "person to be arrested" within the meaning of Fed. R. Crim. P. 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Verizon in order to locate the things particularly described in this warrant.